EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN LÓPEZ y otros, acusados y apelantes.

No. 5550.—*Sometido:* Enero 15, 1935.  *Resuelto:* Enero 30, 1935.

*R. Rivera Zayas,* abogado de los apelantes; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El policía insular Anacleto Soto formuló denuncia ante

la Corte Municipal de Cabo Rojo contra Juan López y veinte y una personas más que se nombran imputándoles la comisión de una infracción a la Ley del trabajo, de 1902, cometida en el barrio de Llanos Costas el 21 de enero de 1934, como sigue:

". . . ilegal, intencional y criminalmente, a sabiendas allí y entonces, obrando conjuntamente y de común acuerdo, armados de garrotes y machetes penetraron en la finca de Miguel Carlo y por medio de amenazas e intimidación amenazando agredir y pegar a los ordeñadores de vacas Antonio Rosa, Sandalio Padilla, Manuel Dávila y Elide Rodríguez que efectuaban el trabajo de ordeño de vacas en dicha finca si continuaban su trabajo, impidieron que dichos ordeñadores ejercieran su oficio como tales ordeñadores."

Condenados los acusados por la corte municipal, apelaron a la del distrito, Mayagüez, donde juzgados de nuevo fueron también condenados, excepto uno que había fallecido, y no conformes recurrieron para ante este tribunal. En su alegato señalan la comisión de dos errores. Sostienen por el primero que la denuncia no contiene hechos suficientes para constituir el delito que se les imputa y por el segundo la insuficiencia de la prueba.

Argumentando el primer señalamiento expresa el distinguido abogado de los apelantes que la conducta delictuosa que trata de sancionar la Ley relativa al trabajo, aprobada en 1902, envuelve por su propia definición estatutaria un delito de conspiración y que toda denuncia o acusación fundada en dicha ley debe cumplir con los requisitos que son esenciales al delito de conspiración de acuerdo con nuestro Código Penal y la jurisprudencia de Puerto Rico y de los Estados Unidos sobre la materia.

Y basándose en ello sostiene que no alegándose en la denuncia que los acusados se pusieran de acuerdo o actuaran de común acuerdo para impedir, obrando conjuntamente, que los ordeñadores ejercieran sus oficios como tales, no imputa la conspiración. Cita los casos de *Pueblo* v. *Pérez,* 27, D.P.R. 752 y *Pueblo* v. *Torrellas* 10 D.P.R. 542.

No estamos conformes. La Ley relativa al trabajo, fué aprobada en marzo 1, 1902, Comp. 1911, p. 341. Por su sección primera consagra el derecho que tienen las personas empleadas en cualquier ocupación, oficio, arte industrial, mecánico o manual, para reunirse ordenada y pacíficamente y cooperar para obtener alza en el tipo de jornales o de su remuneración, o mantener a la misma altura dicho tipo, y para organizar asambleas o uniones de industriales, obreros o braceros con el fin de mejorar las condiciones mentales y materiales de los miembros de las mismas por medios legales y pacíficos, y por su sección segunda prohibe, castigándolo como delito menos grave, el uso de fuerza, violencia, intimidación o amenaza, o cualquiera forma de coerción por parte de cualquier persona o personas asociadas entre sí, contra cualquiera otra u otras personas, ya sea con el objeto de impedir que libremente ejerzan sus empleos, profesiones u oficios, ya con el de influir en el precio o remuneración que se les paga por su trabajo.

Se trata, pues, de algo distinto de la conspiración que prevé y castiga el Código Penal en sus artículos 62 y 63, de algo que tiene vida por sí mismo y que puede perpetrarse tanto por varias personas asociadas como por una sola persona, siendo esto último imposible en cuanto al delito de conspiración que requiere siempre la existencia de dos o más personas para que pueda cometerse.

Y examinada la denuncia únicamente a la luz de la ley relativa al trabajo, no hay duda alguna que contiene hechos suficientes para constituir el delito que trató de imputar y que imputó a los acusados.

No existe el primer error. Tampoco el segundo. La prueba no revela es cierto un acto de extraordinaria gravedad y ello explica que el juez sentenciador condenara a cada uno de los acusados a diez dólares de multa que es el mínimum de la pena fijada por la ley. Pero la prueba demuestra por entero la comisión del delito. Pone de manifiesto que los acusados entraron armados de pedazos de palo y uno

de ellos de un machete en la finca de Miguel Carlo donde estaban ordeñando las vacas varios· de sus trabajadores y, según las palabras textuales del primer testigo de cargo, Anastacio Rivera, "dijeron que con qué permiso se estaba ordeñando en la vaquería y yo les dije que con el permiso de don Miguel Carlo, y entonces nos dijeron que no ordeñáramos más porque nos entraban a leña, y nosotros cogimos miedo y no seguimos ordeñando."

Es cierto que el ordeñado de las vacas continuó, pero fué después de algunas horas cuando llegó la policía que fué enviada a buscar al pueblo, y es cierto también que los acusados no agredieron a los que trabajaban en el ejercicio de un derecho y en el cumplimiento de un deber, pero los amenazaron y amedrentaron de tal modo que desistieron de seguir su trabajo renovándolo sólo cuando se sintieron protegidos por la policía.

La circunstancia de que todos los testigos que declararon directamente contra los acusados fueron los propios empleados de Carlo, no es suficiente por sí sola para dejar de dar crédito a sus testimonios. Independientemente se demostró el haberse avisado a la policía y el haber ésta acudido al lugar del suceso. Nada tuvo que hacer la Policía con los acusados porque éstos se habían ya retirado, pero el hecho de que fué avisada y acudió queda en pie.

*Debe confirmarse la sentencia recurrida.*